IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) CV. No. 04-199 Johnstown |
| BRADLEY HENRY FOULK and HONORABLE ERNEST J. DISANTIS | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Presently before the Court is Raymond Payne's *pro se* Motion for Relief from Judgment of Order pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. 37. As background, Mr. Payne was convicted in state court of first-degree murder. In 2003, Mr. Payne file a motion in state court to have certain evidence from his underlying criminal conviction tested for DNA pursuant to 42 Pa.C.S.A § 9543.1. He claimed that DNA testing would show that his DNA was not present on the evidence, and thus it would conclusively establish that he did not have sexual relations with the murder victim. Mr. Payne's purpose in seeking this relief is to establish that he is improperly classified as a sex offender, and thus is denied certain rights and privileges.

Mr. Payne requests that we reopen this case and order the Defendants to perform the requested DNA testing. He relies on the United States Supreme Court's decision in Skinner v. Switzer, 131 S.Ct. 1289 (2011). We will deny the motion because Mr. Payne seeks a determination from this court that the state court's decision that Mr. Payne is not entitled to DNA testing under the Pennsylvania statute is wrong

The Supreme Court in Skinner held that the Rooker–Feldman doctrine did not bar Skinner's federal action because Skinner "does not challenge the adverse [state court] decisions themselves; instead, he targets the Texas statute they authoritatively construed." 131 S.Ct. at

1298. Skinner did not challenge the state court's decision denying him DNA testing, but instead attacked the Texas statute as unconstitutional. Id. at 1297. The Court reasoned that because the results of DNA testing may prove to be inculpatory, exculpatory, or inconclusive, granting Skinner the requested relief would not necessarily undermine or invalidate the underlying conviction. Id. at 1292.

This case is different. Here, Mr. Payne *does* challenge the state court's decision denying DNA testing on the evidence; he does not challenge the Pennsylvania statute. Thus, he asks this court to review the state court determination denying him DNA testing and declare it unconstitutional. Thus, the Skinner decision is not applicable to this case and we will therefore deny Mr. Payne's motion.

An appropriate Order follows.

## ORDER

AND NOW, this 24th day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Raymond Payne's *pro se* Motion for Relief from Judgment of Order pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 37) be and hereby is DENIED

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   counsel of record

     Raymond Payne, *pro se*
     SCI Laurel Highlands
     5706 Glades Pike
     P.O. Box 631
     Somerset, PA 15501